# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49793

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  March 7, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL RENE DEHERRERA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of four years, for felony injury to a child, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Michael Renee Deherrera entered *Alford*[1] pleas to one count of felony injury to a child, Idaho Code § 18-1501(1) and one count of misdemeanor sexual battery, I.C. § 18-924.  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a unified sentence of ten years with four years determinate for the injury to a child charge, and sentence of 309 days with 309 days credit for time served for the sexual battery charge.  Deherrera appeals, contending that his sentence for the injury to a child charge is excessive.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Deherrera's judgment of conviction and sentence are affirmed.